**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **MICHELLE JOHNSON** | ) | |
|     **709 North Linn Street** | ) | |
|     **Frontenac, Kansas 66763** | ) | **Case No.:** |
| | ) | |
|     **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **SUGAR CREEK PACKING COMPANY** | ) | |
|     **Serve:** | ) | |
|     **Registered Agent** | ) | |
|     **The Corporation Company, Inc.** | ) | |
|     **112 SW 7th Street, Suite 3C** | ) | |
|     **Topeka, Kansas 66603** | ) | |
| | ) | |
|     **Defendant.** | ) | |

## COMPLAINT

Plaintiff Michelle Johnson for her Complaint against Defendant Sugar Creek Packing Company, states as follows:

1. Plaintiff Michelle Johnson is an adult female citizen of the State of Kansas, with her residence as listed above.

2. Defendant Sugar Creek Packing Company is a foreign corporation registered to do business and in good standing in the state of Kansas. Defendant owns, manages and operates the facility in Frontenac, Kansas, where the incidents described herein took place.

3. This case arises under Title VII of the Civil Rights Act, as amended, 42 U.S.C. §2000e, *et seq*., (Title VII), making jurisdiction proper in this court.

4. Venue is proper within this district under 28 U.S.C. § 1391 in that the employment practices hereinafter alleged to be unlawful were committed in this judicial district.

5. Plaintiff was subjected to sex discrimination and sexual harassment in violation of Title VII, 42 U.S.C. § 2000e-2, and unlawful retaliation in violation of Title VII, 42 U.S.C. § 2000e-3 by Defendant.

6. At all times relevant to this action, Defendant has employed fifteen or more employees and is therefore an employer as defined in Title VII.

7. On May 20, 2019, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) within 180 days of the unlawful employment practices complained of herein.

8. Plaintiff received a Notice of Right to Sue, dated November 26, 2019, from the EEOC and this Complaint is filed within 90 days of receipt of that letter.

9. Plaintiff was employed by Defendant at their facility in Frontenac, Kansas from approximately July 24, 2018 until she was constructively discharged on March 29, 2019.

10. Plaintiff worked as a production employee for Defendant and performed her job to the best of her ability and satisfactorily met the legitimate job expectations of her employer.

11. Starting in March of 2019, and specifically on approximately March 12, 2019, Plaintiff was subjected to inappropriate sexual harassment by a male line lead employee of Defendant named Benito Marroquin. This conduct included, but is not limited to:

    a. Rubbing his groin area across Plaintiff's butt from behind while saying something like – oh yeah baby that's it;

    b. Grabbing and spanking Plaintiff's butt and hips; and

    c. Trying to grab Plaintiff's breasts.

12. Plaintiff had previously told her supervisor that Mr. Marroquin was being too friendly towards her and wanted the behavior to stop.

13. Plaintiff objected to this inappropriate behavior and reported it to her supervisor and to the human resources personnel at the facility and requested that the conduct stop and that Defendant keep Mr. Marroquin away from Plaintiff.

14. Plaintiff's supervisor responded to this report by moving Plaintiff to another area of the facility. Mr. Marroquin was not disciplined at this time.

15. A couple of days later, Mr. Marroquin stalked/followed Plaintiff to her home outside of the facility and threatened her personal safety. Plaintiff reported this incident to Defendant and reported that she was fearful of her personal safety and fearful of retaliation.

16. Approximately one week later, Mr. Marroquin followed Plaintiff while at work in Defendant's facility and made threatening remarks to the effect of – if you call the police your family will never hear from you. Plaintiff reported this incident to Defendant.

17. A couple of days later, on March 25, 2019, being concerned for her safety, Plaintiff went to the local police and filed for a temporary order of protection against Mr. Marroquin. This order was received by Defendant on the same day.

18. Plaintiff requested that Mr. Marroquin be removed from the facility but never received a response from Defendant as to whether that was being done.

19. On March 29, 2019, still fearing for her safety and fearing retaliation, Plaintiff was constructively discharged and resigned her position.

## COUNT I – SEXUAL HARASSMENT

20. Plaintiff incorporates preceding paragraphs as if fully set forth herein.

21. Plaintiff was subjected to inappropriate sexual harassment and other verbal and physical harassment by a male employee of Defendant named Benito Marroquin. This conduct included, but was not limited to:

      a.      Rubbing his groin area across Plaintiff's butt from behind while saying something like – oh yeah baby that's it;

      b.      Grabbing and spanking Plaintiff's butt and hips;

      c.      Trying to grab Plaintiff's breasts; and

      d.      Threatening Plaintiff and Plaintiff's family's safety if she reported the behavior.

22.      But for Plaintiff's gender, she would not have been subjected to the sexual harassment and other verbal and physical harassment described herein.

23.      The sexual harassment and other verbal and physical harassment described herein was severe, pervasive, unwelcome, and affected the terms, conditions, and privileges of Plaintiff's employment and constituted an unreasonable interference with Plaintiff's work performance in violation of Title VII.

24.      The sexual harassment and other verbal and physical harassment described herein was sufficiently severe or pervasive that a reasonable person in the Plaintiff's position would find the Plaintiff's work environment to be hostile and/or abusive and at the time the harassment occurred and as a result of such conduct, Plaintiff believed her work environment to be hostile and/or abusive.

25.      Defendant had actual knowledge of the harassment but failed to take appropriate remedial action to stop the unlawful conduct.

26.      Defendant knew or should have known about the harassment and failed to take prompt and appropriate corrective action to end the harassment, to protect Plaintiff and/or to prevent the harassment.

27.     Plaintiff took reasonable steps to end the harassment by objecting to the harassment, reporting the harassment to managers and requesting Defendant take steps to stop the harassing conduct.

28.     Plaintiff was constructively discharged as Defendant's actions made Plaintiff's working conditions intolerable such that a reasonable person in Plaintiff's position would feel forced to resign.

29.     As a direct and proximate result of the unlawful practices of Defendant, Plaintiff has sustained damages in the form of lost salary and benefits, emotional pain, suffering, inconvenience, loss of enjoyment of life and mental anguish.

30.     Defendant acted with reckless indifference to Plaintiff's federally protected rights, entitling Plaintiff to an additional amount as punitive damages in such sum that will serve to punish Defendant and to deter Defendant and others from like conduct.

WHEREFORE, Plaintiff prays for judgment against Defendant for compensatory and punitive damages, for her costs incurred herein, for attorneys' fees, and for such other relief as the Court deems just and proper.

## COUNT II — RETALIATION

31.     Plaintiff incorporates preceding paragraphs as if fully set forth herein.

32.     Plaintiff engaged in protected activity under Title VII by objecting to the harassment and reporting the sexual harassment described herein to her supervisor and management employees.

33.     After Plaintiff's reports of sexual harassment, Defendant, through its employees, took retaliatory action against Plaintiff by allowing harassing and/or threatening behavior to occur,

and by transferring Plaintiff to another area in the facility without disciplining Mr. Marroquin or preventing him from further harassing Plaintiff.

34. Plaintiff was constructively discharged as Defendant's actions made Plaintiff's working conditions intolerable such that a reasonable person in Plaintiff's position would feel forced to resign.

35. Plaintiff's constructive discharge was caused by Plaintiff's herein described protected activity and Defendant's actions therefore are in violation of Title VII.

36. As a direct and proximate result of the unlawful practices of Defendant, Plaintiff has sustained damages in the form of lost salary and benefits and emotional pain, suffering, inconvenience, loss of enjoyment of life and mental anguish.

37. Defendant acted with reckless indifference to Plaintiff's federally protected rights, entitling Plaintiff to an additional amount as punitive damages in such sum that will serve to punish Defendant and to deter Defendant and others from like conduct.

WHEREFORE, Plaintiff prays for judgment against Defendant for compensatory and punitive damages, for her costs incurred herein, for attorneys' fees, and for such other relief as the Court deems just and proper.

## COUNT III — SEX DISCRIMINATION

38. Plaintiff incorporates preceding paragraphs as if fully set forth herein.

39. Because of her gender, Plaintiff was subjected to unwelcome sexual harassment and other verbal and physical harassment from a male employee of Defendant.

40. Plaintiff was constructively discharged as Defendant's actions made Plaintiff's working conditions intolerable such that a reasonable person in Plaintiff's position would feel forced to resign.

6

41. Plaintiff would not have been constructively discharged but for her gender.

42. As a direct and proximate result of the unlawful practices of Defendant, Plaintiff has sustained damages in the form of lost salary and benefits and emotional pain, suffering, inconvenience, loss of enjoyment of life and mental anguish.

43. Defendant acted with reckless indifference to Plaintiff's federally protected rights, entitling Plaintiff to an additional amount as punitive damages in such sum that will serve to punish Defendant and to deter Defendant and others from like conduct.

WHEREFORE, Plaintiff prays for judgment against Defendant for compensatory and punitive damages, for her costs incurred herein, for attorneys' fees, and for such other relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff requests that the trial of this case be held in Kansas City, Kansas.

**THORNBERRY BROWN, LLC**

By: /s/ Randall W. Brown
Randall W. Brown        KS# 17905
*randy@thornberrybrown.com*
Stephen C. Thornberry   KS# 17494
s*teve@thornberrybrown.com*
4550 Main Street, Suite 205
Kansas City, Missouri 64111
(816) 531-8383 *telephone*
(816) 531-8385 *facsimile*
ATTORNEYS FOR PLAINTIFF